Our next case for argument is 2020-1839, Cameron v. McDonough. Mr. Carpenter, please proceed. Thank you very much, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. John Cameron. In this case, Your Honors, there were two fee decisions made by the VA that were appealed to the Board of Veterans' Appeals and then to the court below the Veterans Court. In the first fee decision, the fee was granted, and in the second fee decision, the fee was denied. These were for services performed on the same case involving the same award of past due benefits. The question presented in this case is the validity of the VA's reliance upon their regulation at 38 CFR 14.636C2, which permits the VA to, as they did in the case, essentially bifurcate a single adjudication based upon two different versions of the law. The Congress in December of 2006 amended the provisions of 38 U.S.C. 5904C1 to repeal and restrict the circumstances in which an attorney would be lawfully able to charge and receive a fee for services performed for a claimant in proceeding before the VA. The pre-amendment version of the statute allowed fees to be charged only after a first final decision of the board and required that the attorney had to have been retained within one year of the board decision. When Congress amended 5904C2, it removed those two requirements completely and replaced them with a substantively expanded opportunity for fees to be lawfully charged and received for services performed on behalf of a claimant in proceedings before the VA by identifying the event as being an NOD filed with respect to the case. Mr. Cameron's appeal to the Veterans Court challenged the validity of the Secretary's regulation, which retained the requirements of the prior version of 5904C1 and enforced those provisions in their second fee decision to deny him the right to the additional fees to which he was entitled to under the statute. In so doing, the Secretary retained in regulation the repealed version of the statute and its requirements, which then results in two sets of circumstances, not the single circumstance that existed both prior to the amendment and after the amendment. Mr. Carpenter, this is Judge Toronto. Is your argument completely dependent on our giving less regard, I'm not quite sure what the right term is, to the effective date language that was in the enacted and signed bill and appears in the statutes at large? Or do you have an argument that, independent of that, so that on the assumption that that effective date language appeared with equal status placement in the U.S. Code, you would still say that fees were improperly denied here? My hesitation is, yes, I believe that that would be our position, that the fees were improperly denied in any event. However, the challenge below at the Veterans Court was specifically to the validity of the regulation, and that was the holding of the Veterans Court that the regulation was in fact valid, based upon that reference in the statute. I could certainly see a path with which this court could decide favorably to Mr. Cameron that the fees were not properly denied, but that is not the legal issue that was presented to the court below. And then on this effective date provision, my understanding is that the Supreme Court has said a number of times that, in fact, the statutes at large are the law unless and until the statute is enacted, and that is not the case. I'm not sure, to be candid, I understand the question. I'm sorry. Throughout the U.S. Code, there are various portions of the U.S. Code, large parts of Title XIX, which we deal with all the time in the Trade Act. The actual law is not in the U.S. Code unless it actually agrees with what Congress has enacted. Do you know whether that's true of the codification that Title XXXVIII is? No, Your Honor, I have to confess I do not. I simply do not know. But the distinction that we're attempting to draw is that the note provides a statement that is inconsistent with the language that is in the United States Code and the language that was in the bill itself as to the substantive changes intended to be made. And if one accepts that the note reflects some intent of Congress simply because it was written in the bill, it would seem to me flies in the face of interpreting statutes as written and as presented to the public. There is no reference to any limitation such as the limitation of to be retained within one year that was in the plain language of the prior version of the statute. And in order for the note to have the impact or legal effect that the Veterans Court gave it, it is our position it has to be consistent with the intent of Congress. Because that language adds a limitation to the statute that we do not believe was the intent of Congress or was even voted upon by Congress. Yes, it is in that note. Mr. Carpenter, this is Judge Hughes. I'm entirely baffled by what you're arguing today. You talk about this note as if it weren't part of a statute voted and passed upon by Congress. But isn't it specifically included as Part H of the public law that was passed by Congress? Yes, Your Honor, that verbiage is there. The question is... So Congress voted and agreed upon and presumably the President signed into law Public Law 106-461 which includes as subsection or Section H. I'm not getting all the subsections down because it's a larger law, but you know what I'm talking about. I do. I do. That was passed, agreed upon, and signed by the President. Why isn't that a law passed by Congress? Because, Your Honor, it is a parenthetical note and it is... No, no, no. I'm not talking... Look, I think you're getting... Either you're not understanding what I'm saying or you're not looking at the right thing. I'm not talking about what's looking at... We look at when we pull up the United States Code and the codifications. I'm looking at the public law and I'm looking at Addendum 3 to the Governance Red Brief and it is not a parenthetical. It is just another subsection of the public law passed. I mean, I don't understand how you can say that that subsection has any less effect than all the other subsections that made the changes to the law at issue. Well, Your Honor, whoever drafted the language that is contained in the United States Code disregarded that language because that language... No, they didn't. This happens in every single statute with almost always ends up once it's codified as a note. But the Supreme Court has repeatedly held that the public laws are also the laws. So, you know, it would have been air for them not to include subsection H. I don't see how you get around the fact that Congress passed... There is no air. The Congress passed an effective date for this statute and it has to have the force and effect of law. I don't care where it's codified in the U.S. Code. We're looking at the public law that was passed. We can't ignore that Congress made an effective date and particularly, you know, even though it's not relevant necessarily because, you know, it's pretty plain, the legislative history made clear that Congress thought about this and thought about whether they should make this immediately effective or have a phased in approach. So, I mean, does your argument ultimately come down to saying we just ignore this effective date provision? No, Your Honor. It's not the effective date provision that we have problems with. The problem we have is the additional language beyond the effective date. It will be effective 180 days. There isn't any dispute about that. It's the second... Well, yeah, sure, but you're not reading the rest of it, which it says it will be effective 180 days after enactment and shall apply with respect to service that are provided, you know, and that has the notice of disagreement. It's not just an effective date. It specifies which services this applies to, too. Are you trying to say that only part of that public law is applicable? What I'm trying to say, Your Honor, is that in interpreting the statute, including the public law, the question has to be raised as to whether or not that language is the intent of Congress and whether or not that language as written... Okay, Mr. Carper, I know you're into the rebuttal time, but let me ask you, what do you think means when it says in that subsection H that it shall apply with respect to services of agents and attorneys that are provided with respect to cases in which notices of disagreements are filed on or after that date, which refers back to the 180 days effective date? What does that mean? It means that an attorney cannot charge for services provided before that date, but as this case demonstrates, we have a circumstance in which the fee was allowed for the services that were performed after the date of the NOD after 2007. Here, they're creating an arbitrary delineation that those services can be limited to services prior to that date. In the same representation, this contract was not entered into prior to 2007. They are creating an arbitrary bifurcation. Do you mean Congress? Because Congress is the one that created that bifurcation. And I believe that this court has an obligation to determine whether or not that is or is not an absurd result in light of what was amended. Mr. Carpenter, you have done a great service for a long time for veterans, and you get a lot of leeway on your creative arguments, but you're pushing it in this case. I don't see how you can read that plain language in subsection H any other way than it doesn't apply to NODs before that date, which is this case. Carpenter, would you like to save the rest of your time for rebuttal?  I think that's a good plan. Ms. Hantum, if I'm saying that right, please proceed. Thank you, Your Honor. May it please the court. The Veterans Court correctly concluded that 38 CFR section 14636 imposes the same restrictions on attorney's fees that Congress required in the Veterans Benefits Healthcare and Information Technology Act of 2006. Since the 1860s, Congress has placed limits on fees that attorneys could charge veterans. This was intended to protect veterans from lawyers who might overcharge for services and to allow veterans to engage in an informal process with VA and receive benefit awards without having to divide them with attorneys. After the 2006 Act, attorneys could charge fees beginning at an earlier date in the review of a VA regional office decision, that is after the filing of a notice of disagreement or NOD, but Mr. Cameron wants more than Congress allowed. Mr. Cameron ignores the plain language about which services this amendment applied to and thus ignores Congress' intent to slowly introduce the new procedure. The Veterans Court's interpretation of section 5904's note along with 5904C1 is plainly correct. As the Veterans Court concluded, Mr. Cameron can only manufacture a conflict between these relevant provisions by ignoring the plainest of language. Ms. Tantum, this is Jeff Toronto. Can you just explain a factual, I think it's a factual matter that I should understand. So some fees were awarded here and some fees were denied. Can you just explain what happened? Sure, Your Honor. The notice of disagreement at issue here was filed in 2005 and it related to a claim for bilateral lower extremity diabetic neuropathy. There was subsequently a request to VA related on behalf of Mr. Bolden for additional conditions, that's PTSD, bipolar disorder, heart condition, and worsened diabetic neuropathy. That was in October 2009. And then when there was a decision on that second request in September 2010 and a nod following that related to that claim in 2010, the board ended up hearing- I see. So there were essentially two separate claims. One of them had a post-June 2007 notice of disagreement and that's the difference? That's correct, Your Honor. Okay. And can I just ask you since- how often does the issue that is before us now still come up? I know things take rather a long time in the veterans benefit system, but we're talking about a change that took effect in 2007. Is this a matter we should expect or the veterans court should expect to see again or is this a essentially extinct issue? Your Honor, I believe that given the amount of time that's passed since June 20th, 2007, that this is not an issue that should come up. And I'm not aware of any previous instance of this issue being raised. I believe that the regulation 38 CFR- section 636C2 lays out what the process is when a claim is related to pre-June 2007 act- fees and VA has explained that in the regulation. Since 2017, there was an additional change to the start date for attorney's fees. It's been moved back to the date of a VA regional office decision. So it's now earlier than the notice of disagreement. So there's been a subsequent change. I believe that Judge Hughes correctly explained everything that we planned to state about the placement in the note of the language at issue here. It's obviously in section 101H of the statutes at large, which means that the placement in the note is meaningless in the consideration of what the legal evidence of the laws is. Mr. Cameron provides no explanation of why there's a distinction between substantive and purportedly ministerial and why there's a distinction when it's found in the note. Obviously, Mr. Cameron believes that one portion of the note's language is meaningful. The portion that says when the amendments are effective, it's only the second clause in that sentence that has no meaning and there's no reason for the court to pursue an interpretation that would leave this clause inoperative and void. Mr. Cameron is basically asking that it be excised when, in fact, the court should read section 5904C1 and D, and D actually need not be considered for the reasons we've described. Ms. Tanton, this is Judge Toronto. Can I just ask you the same question I asked Mr. Carpenter? Has Congress voted on the codified version of this or other parts of Title 38? I'm not aware of that, but I understood that enactment occurs when a piece of legislation has been authorized by Congress. Right, no, no, no. I don't mean to suggest that this is in any way important. I'm just curious about, there are statutes in which having enacted a whole lot of public laws, then is presented with a codification and Congress votes on the codification, like the revised statutes of 1873, and that replaces all the previous public laws. I'm just trying to understand if this is one of those. I'm not aware of that, Your Honor. Thank you. The lack of an effective date, I wanted to point this out, in the Appeals Modernization and Improvement Act of 2017, which was raised in Mr. Cameron's reply brief, was not raised in his opening brief. That 2017 Act does not provide evidence of preceded it. Subsequent legislation can only have possible relevance to the interpretation of an earlier act. When the later act declares the intent of that earlier law, the 2017 Act does not declare what the intent of the 2006 Act was. We'll just note that 5904D-2A-2, which Mr. Cameron's counsel explained, since the argument hinges on the conclusion that the application provision of the effective date provision is inoperative, there's no need for the court to reach the 5904D-2A-2 argument. In any event, we did address Mr. Cameron's argument. We've noted that it was both waived and we also, contrary to the statement in Mr. Cameron's reply brief, we did state that on the merits that that provision must be read together with the effective date provision and 5904C-1, and that it only provides instructions as to when a fee agreement, the instructions for what fee agreements have to provide in order to allow for fees from past due benefits. And read together harmoniously, 5904C-1 and the 5904D provisions would only mean that those particular fee agreements don't relate to fees charged after June 20th, starting or after June 20th, 2007. And for these reasons, we request that the court affirm the Veterans' Court provision. Thank you. Thank you. Mr. Carpenter, you have some rebuttal time. Thank you very much, Your Honor. To please the court, I'd like to try to at least clarify or draw a distinction between the effective date provision and the challenge that was presented to the Veterans' Court. The challenge that was presented to the Veterans' Court was the validity of the regulatory provision that allowed the VA to rely upon the prior version of the law. As I understand the discussion with Judge Hughes, the issue of going forward from the new statute is controlled by the language in the note. The question, however, is whether or not the VA's regulation that includes a basis for the denial of a fee, which we believe was the basis for the denial of the fee, was that there was no first final board decision. I'm sorry. I didn't realize. I thought I had five minutes. I apologize. Go ahead. Please finish your thought. Go ahead. Well, the thought is that the provisions of the prior version of the statute should not be in VA's regulation. If VA's regulation is valid, it is only valid to the extent that it prohibits fees charged for services that were provided before or on or after the date of, excuse me, it authorizes services only on or after the date that they were provided. Okay. Thank you, Mr. Carpenter. I thank both counsel. The case is taken under submission. Thank you, Your Honor. The Honorable Court is adjourned from day two.